IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                        20-CR-79-V

SEMAJ PIGRAM,

          Defendant.

---

### GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO RELEASE THE GRAND JURY MINUTES AND COMPEL DISCOVERY

**THE UNITED STATES OF AMERICA**, through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Seth T. Molisani, Assistant United States Attorney, of counsel, hereby files its response in opposition to defendant SEMAJ PIGRAM's June 21, 2020 motion seeking release of the grand jury minutes and seeking the Court to compel discovery (Dkt. 10, 10-1). For the reasons set forth below, the defendant's motion should be denied in its entirety.

### I.    FACTUAL BACKGROUND

The defendant, SEMAJ PIGRAM, along with co-defendants Deyanna Davis and Walter Stewart, are charged in a three-count Indictment with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2. The Indictment was returned by a federal grand jury on June 4, 2020. The prosecution is premised on events which occurred on June 1, 2020. On June 18, 2020, arraignment of the defendant was held before the Hon. Jeremiah J.

McCarthy, Magistrate Judge for the Western District of New York. At that time, the Court inquired whether the Government was seeking detention of the defendant. The Government affirmed and moved for the defendant's detention and provided the statutory basis for seeking detention, specifically 18 U.S.C. § 3142(f)(1)(E) ("any felony that is not otherwise a crime of violence that…involves the possession or use of a firearm…"). Though all three defense attorneys asked for an adjournment of the detention hearing, the Court and the defense attorneys insisted that the Government provide a factual basis for seeking detention. Compelled to provide a preliminary synopsis of the underlying facts, the Government proffered an outline of the proof. In so doing, the Government advised the Court and the defendants that it would reserve additional information until the appropriate time for the Government proffer, i.e., the time of the respective detention hearings.

## II.   LEGAL DISCUSSION

### A.   THE DEFENDANT FAILS TO DEMONSTRATE COMPELLING NECESSITY TO JUSTIFY RELEASE OF THE GRAND JURY MINUTES THROUGH SPECIFIC AND CONCRETE FACTUAL ALLEGATIONS

Maintaining the secrecy of grand jury proceedings is a tradition in the United States that pre-dates the birth of the nation itself. *In re Petition of Craig,* 131 F.3d 99, 101 (2d Cir.1997) (citing *In re Biaggi,* 478 F.2d 489, 491 (2d Cir.1973)). Federal Rule of Criminal Procedure 6(e) codifies the rule of secrecy, which has multiple purposes, including:

> (1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [the] innocent accused who is exonerated from disclosure

> of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Craig,* 131 F.3d at 102 (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681–82 n. 6 (1958). The Supreme Court has noted that secrecy also "encourage[s] all witnesses to step forward and testify freely without fear or retaliation" because "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *Procter & Gamble Co.,* 356 U.S. at 682.

Despite the strong presumption in favor of such secrecy, a district court may authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). The defendant must satisfy a heavy burden of showing that "compelling necessity" outweighs countervailing public policy in order to disturb the presumption of the "indispensable secrecy of grand jury proceedings." *Procter & Gamble Co.,* 356 U.S. at 682. The burden on the defense is onerous. *See, e.g., United States v. Ayeki*, 289 F. Supp. 2d 183, 186 (D. Conn. 2003) ("grand jury proceedings 'carry a 'presumption of regularity,'" and 'a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct'" (quoting *Torres*, 901 F.2d at 232-33); *see also United States v. Richards*, 94 F. Supp.2d 304, 314 (E.D.N.Y. 2000)("The strong presumption of regularity in grand jury proceedings cannot be outweighed by purely conclusory or speculative allegations of misconduct.").

As a result, in this Circuit, "[a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205,

3

233 (2d Cir. 1990) (citations and internal quotations omitted); *see United States v. Leung,* 40 F.3d 577, 582 (2d Cir.1994) ("A review of grand jury minutes should not be permitted without concrete allegations of government misconduct."); *United States v. Basciano,* 763 F.Supp.2d 303, 315 (E.D.N.Y.2011) ("It is axiomatic that 'grand jury proceedings are accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.'") (quoting *United States v. Tranquillo,* 606 F.Supp.2d 370, 381 (S.D.N.Y.2009)). The defendant has failed to meet the particularized need test as disclosure is clearly not intended to be a discovery or particularization device.

The defendant moves for the release and inspection of the grand jury minutes because of "concerns regarding how the Indictment was procured." Dkt. 10-1, p. 6. Based on the preliminary and incomplete recitation of the Government's basis for detention at the time of the defendant's arraignment, the defendant claims that there are "questions regarding how probable cause was established regarding "knowing possession." *Id.* at ¶ 16. Based on the purported "absence of [ ] facts," the defendant requests the Court authorize disclosure of the grand jury minutes and instructions that discuss "knowing possession" and "aiding and abetting." *Id.* at p 7. The defendant claims he has shown a "particularized need" without actually providing any concrete facts to support that contention. Instead, the defendant relies upon the absence of facts to support his contention (e.g., "It is completely unclear how [the charge] was established based upon the discovery provided to the defense, open-source materials in the news, and the government's detention proffer." Dkt. 10-1 at ¶ 22).

The defendant falls far short of satisfying the heavy burden of showing compelling

4

necessity through specific and concrete factual allegations, particularly because "[g]rand jury proceedings carry a presumption of regularity." *See Torres,* 901 F.2d at 232 (internal quotation marks and citations omitted). Here, the defendant does not allege any specific Government misconduct or set forth any factual allegations that the grand jury proceedings were tainted. On the contrary, the defendant argues that the Court should release and allow the defendant to review the grand jury minutes *so he can determine* whether any irregularities occurred. Dkt. 10-1 at ¶ 25.

In *Basciano,* the court denied a motion to compel the production of grand jury minutes because it was based entirely on conjecture, rather than fact. 763 F.Supp.2d at 316. There, the defendant speculated that the government's attorney may have been supervising the presentation of evidence to the grand jury in a related case. *Id.* The court found that defendant's "unfounded assumptions" and "series of conjectural statements" were "insufficient to satisfy the particularized showing required to overcome grand jury secrecy, let alone to require the dismissal of the indictment." *Id.*

In the instant case, the defendant offers even less than that which the *Basciano* court found to be insufficient; indeed, he does not allege a single non-speculative impropriety to support his request. Accordingly, defendant's motion for release and review of the grand jury minutes should be denied. *See, e.g., Ordaz–Gallardo,* 520 F.Supp.2d 516, 519-20 (S.D.N.Y.2007) (denying motion to disclose grand jury materials because defendants offered "little more than speculation that some impropriety may have occurred before the grand jury," which fell "well short of the 'particularized need' " required under well-settled law); *United*

5

*States v. Corbin,* No. 09 CR 00354, 2009 WL 4505513, at *4 (E.D.N.Y. Dec. 1, 2009) (denying defendant's motion for review of grand jury proceedings because defendant failed to demonstrate specific occurrences of government misconduct).

The defendant's request for examination of the grand jury transcripts is nothing more than a fishing expedition which seeks to pierce the veil of secrecy that protects grand jury proceedings. The reasons set forth in the defendant's motion certainly do not rise to the level of a "compelling necessity" sufficient to overcome the Government's need for grand jury secrecy. The defendant's unsupported speculation about possible grand jury abuses is far from sufficient to merit disclosure of grand jury materials to either the Court or the defendant.

Furthermore, now that the Government's actual detention proffer has been completed, the evidence is clear how, even in the absence of DNA evidence, the defendant's constructive possession of the firearm could be established. For these reasons, the defendant's motion for release and review of the grand jury transcripts should be denied.

### B. THE DEFENDANT IS NOT ENTITLED TO PRE-DETENTION HEARING DISCOVERY AND, IN ANY EVENT, THE ISSUE IS MOOT

Next, the defendant requests that the Court order the Government to provide aerial surveillance footage obtained by law enforcement during the course of the June 1, 2020 incident. Dkt. 10-1 at ¶ 26. The defendant cites no legal authority for his demand. Stated succinctly, the defendant is simply not entitled to discovery prior to a detention hearing. As the Second Circuit made clear more than 30 years ago: "[A] detention hearing is not to serve as a mini-trial . . . or as a discovery tool for the defendant." *United States v. Matir*, 782 F.2d

1141, 1145 (2d Cir. 1986); *see United States v. LaFontaine*, 210 F.3d 125, 130-31 (2d Cir. 2000) ("It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts." (citations omitted)).  If the court questions the Government's information, it should "selectively insis[t] upon the production of underlying evidence or evidentiary sources." *Id.* at 1147.

The Government is under no obligation to provide discovery in advance of a detention hearing. As explained by the Government, the prosecution did not wish to turn the detention hearing into a mini-trial. That is not the purpose of a detention hearing. The Government provided counsel much more in the way of discovery than is typically given at this stage of a criminal proceeding, including, but not limited to, the Erie County Central Police Services Laboratory reports related to DNA comparison on the recovered firearm, firearm operability testing, ballistics comparisons, and the defendant's recorded interview with law enforcement. Because the defendant is not entitled to pre-detention hearing discovery, the Court should deny the defendant's motion to compel discovery.

In any event, the detention hearing for the defendant was commenced today and the Government played a compilation video of the June 1, 2020 incident which included the relevant aerial surveillance footage captured by law enforcement and referenced by the defendant in his motion. The defendant has now had the opportunity to view several portions of the video repeatedly and the opportunity to view the aerial footage he sought. As a result, the defendant's motion to compel production of the aerial footage is moot.

### III.  CONCLUSION

For the foregoing reasons, the Government respectfully submits that the Court should deny the defendant's motion in its entirety.

DATED:   Buffalo, New York, June 25, 2020.


                                  JAMES P. KENNEDY, JR.
                                  United States Attorney


BY:   s/SETH T. MOLISANI
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      716/843-5881
      Seth.Molisani@usdoj.gov