UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA

v.

DEYANNA DAVIS,
SEMAJ PIGRAM,
WALTER STEWART,
                    Defendants,

**DECISION AND ORDER**

20-CR-00079-LJV-JJM

———————————————————

        Defendants Walter Stewart and Semaj Pigram move pursuant to Fed. R. Crim. P. ("Rule") 6(e) for inspection of grand jury minutes [9, 10].[1] The government opposes both motions [24, 25].

        Rule 6(e)(3)(E)(ii) permits the court to disclose grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss an indictment because of a matter that occurred before the grand jury". For the following reasons, I conclude that such a ground may exist.

**DISCUSSION**

        Defendants are charged in a June 4, 2020 Indictment [1] with being felons in possession of a firearm on or about June 1, 2020, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2), and 2. "Section 922(g) . . . covers possession in every form", including "both the actual and the constructive kinds." Henderson v. United States, 575 U.S. 622, 135 S. Ct. 1780, 1784 (2015).

---

[1] Bracketed references are to CM/ECF docket entries. Defendant Pigram also sought disclosure of an aerial surveillance video, which has now been produced.

The government has proffered that the charges arise from a June 1, 2020 incident in which shots were fired from a vehicle operated by Davis on Bailey Avenue in the City of Buffalo, that Stewart was seated in the front passenger seat, and that Pigram, whom it believes to be the shooter, was seated in the rear passenger seat. It contends that Davis "exercised constructive possession over this firearm based on the fact that she was the driver of this vehicle", citing United States v. Speer, 30 F.3d 605 (5th Cir. 1994). Transcript of June 23, 2020 detention hearing [39], pp. 13, 14.

Speer holds that "[c]onstructive possession is the exercise of, or the power or right to exercise dominion and control over the item at issue and may be shown by dominion over the vehicle in which the item is located". 30 F.3d at 612. While I stated that "that may suffice for probable cause" against Davis (June 26, 2020 Decision and Order [29], p. 5), I was mistaken. As Stewart points out, constructive possession requires a showing that "a person, though lacking . . . physical custody, still has the power *and intent* to exercise control over the object". Covert Affirmation [9], ¶6, *quoting* Henderson, 135 S. Ct. at 1784 (emphasis added).

Because Speer does not require a showing of intent for constructive possession, it does not correctly state the law. *See* United States v. Hastings, 918 F.2d 369, 371 (2d Cir. 1990) ("[t]he district court erred in not requiring power *and* intention to control the firearm as elements of constructive possession") (emphasis in original). In United States v. Peralta, 763 F. Supp. 14, 19 (S.D.N.Y. 1991), the court cited that that factor as one of the reasons for dismissing the indictment, noting that the government "failed to instruct the grand jury that it had to find probable cause that each of the defendants *knowingly* had the power *and the intention* to exercise dominion and control over the firearm and the drugs" (emphasis in original).


The government also contends that since the firearm "was recovered in a place where each occupant had access to it . . . . the extreme actions of the driver to avoid apprehension and recovery of the weapon is consistent with all three occupants jointly and constructively possessing the firearm". Transcript of June 23, 2020 detention hearing [39], p. 15. However, that factor sheds no light on whether Stewart, who was not driving the vehicle, had the intent to control the firearm which is necessary for constructive possession. Therefore, "it is entirely possible that the grand jury concluded, improperly, that mere proximity would be sufficient to constitute possession as it pertained to the offenses charged". Peralta, 763 F. Supp. at 20.

Given the arguments which the government has made to this court concerning the requirements for constructive possession, it is reasonable to assume that it made the same arguments to the grand jury - and "while the Government need not instruct the Grand Jury on the pertinent law, error may arise if the Government endeavors to instruct but does so incompletely or erroneously". United States v. Smith, 105 F. Supp. 3d 255, 261 (W.D.N.Y. 2015).

Moreover, the Indictment charges each defendant not only with violating 18 U.S.C. §922(g)(1) as the possessor of the firearm, but also with violating 18 U.S.C. §2 by aiding and abetting the possessor. That is legally impossible. 18 U.S.C. §2 cannot itself be violated, since it "does not define a crime; rather it makes punishable as a principal one who aids or abets the commission of a substantive crime" (United States v. Oates, 560 F.2d 45, 54 (2d Cir. 1977)), and "a person cannot aid and abet himself in committing an offense". United States v. Doughty, 460 F.2d 1360, 1363 (7th Cir. 1972). *See also* United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) ("[o]ne must, however, aid or abet or procure someone else to commit a substantive offense . . . . One cannot aid or abet himself").

-4-

While the government now argues that the defendants aided and abetted each other,[2] that position cannot be squared with the counts of the Indictment, each of which charges an individual defendant with being both the possessor of the firearm *and* the aider and abettor of that possession. *See* Count 1 (Davis), Count 2 (Stewart), and Count 3 (Pigram). Since "each count of an indictment must be treated as if it were a separate indictment . . . the validity of a count cannot depend upon the allegations contained in any other count not expressly incorporated". United States v. Hernandez, 980 F.2d 868, 871 (2d Cir. 1992). Therefore, it is not clear to me how the grand jury could properly find probable cause for a violation of 18 U.S.C. §2 by any of these defendants.

Although "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence", United States v. Calandra, 414 U.S. 338, 345 (1974), I seriously question whether this Indictment is valid on its face.

## CONCLUSION

For these reasons, defendants' motions [9, 10] are granted.[3] The government shall produce the grand jury transcripts for my *in camera* review by July 15, 2020. Depending on the

---

[2]   *See* government's Memorandum of Law [37], p. 16 ("[Davis] served as Pigram's getaway driver and lied to the police when questioned in order to obstruct the investigation. In other words, she aided and abetted his commission of the crime").

[3]   The motions are nondispositive. Gillispie v. Miami Township, *1 (S.D. Ohio 2019); United States v. Sou, 2011 WL 1463798, *3 (D. Haw. 2011).

outcome of that review, I will then decide whether all or portions of the transcripts should be disclosed to defendants.

SO ORDERED.

DATED: July 1, 2020

                                    /s/ Jeremiah J. McCarthy_____
                                    JEREMIAH J. MCCARTHY
                                    United States Magistrate Judge